# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT BOWLING GREEN

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| v. | CRIMINAL ACTION NO. 1:08CR-13-R |
| LORNE LYNN ARMSTRONG | DEFENDANT |

## MEMORANDUM AND ORDER

Defendant Lorne Lynn Armstrong filed a *pro se* letter (DN 71), which the Court construed as a motion to amend or clarify previous judgment. The United States filed a response (DN 72), and Armstrong filed a reply (DN 74).

Review of the record reveals that Armstrong's Judgment and Commitment was signed on July 3, 2008[1] (DN 19). He was sentenced to a total term of 60 months as to Count I of the Indictment. Subsequently, Armstrong was convicted and sentenced in state court. Consequently, pursuant to a joint motion, the Court entered an Order on October 6, 2010, amending *nunc pro tunc* the July 3, 2008, Judgment and Commitment as follows: "The Defendant's previously imposed sentence of 60 months imprisonment as to Count I of the indictment shall be served concurrently with the sentence of imprisonment imposed in Warren Circuit Court, Division I, Bowling Green, Kentucky, Case No. 07-CR-992" (DN 68).

In his motion to amend or clarify, Armstrong states that the Bureau of Prisons (BOP) started his concurrent sentence on July 3, 2008,[2] the date this Court imposed judgment, instead

---

[1] Armstrong erroneously states that the Judgment and Commitment Order was entered on June 3, 2008.

[2] Armstrong again states that the BOP "started my concurrent sentence on June 3, 2008, the day Your Honor imposed my prison term." A review of attachments to the United States's

of starting his sentence on October 18, 2007, when he was detained. He, therefore, asks the Court to clarify that the "amended order meant my Federal time started October 18, 2007."

In response, the United States advises that after the Court entered its order amending judgment to reflect concurrent federal and state sentences, Armstrong was sent to a federal prison in the District of New Jersey to serve out his time. While in New Jersey, the United States reports, Armstrong sought credit for his prior custody between the date he was detained and the date of his federal sentencing, first seeking administrative relief through the BOP, which determined that no credit was due, and then petitioning for habeas review under 28 U.S.C. § 2241 in the District of New Jersey, where the issue is still pending.[3] The United States indicates that Armstrong has properly sought § 2241 relief from the District of New Jersey, which has jurisdiction over his custodian, and argues that he cannot at the same time seek relief from this Court, which has no jurisdiction over his custodian. Rather, argues the United States, Armstrong must wait for an opinion of the District of New Jersey and continue any further available judicial review there.

In reply, Armstrong advises that he is not asking the Court to amend the judgment, only to clarify it. That is, he asks the Court to clarify the date his sentence started.

---

response indicates that his sentence was started on June 30, 2008, which on review of Armstrong's criminal docket sheet was the date of his sentencing hearing. Whether the BOP actually started his sentence on June 3, June 30, or July 3, 2008, is irrelevant to the issue at hand. What Armstrong seeks is for the BOP to start his sentence on October 18, 2007, his detention date.

[3]The United States attaches a copy of Armstrong's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 in the District of New Jersey and a copy of the respondent's answer. *See Armstrong v. Zickefoose*, 1:12CV-1832(NLH) (D.N.J.).

Upon consideration, even if Armstrong seeks only clarification, the motion must be denied. The Order speaks for itself. In the October 6, 2010, Order in question, this Court amended *nunc pro tunc*[4] the July 3, 2008, Judgment and Commitment. Any further questions regarding the BOP's sentence start date must be made through the BOP's administrative review process and then by way of a § 2241 petition for writ of habeas corpus filed in the district with jurisdiction over his custodian, which is the District of New Jersey. It appears that Armstrong has taken these steps and now must await a decision from the District of New Jersey. This Court will not interfere with the pending § 2241 case.

**IT IS THEREFORE ORDERED** that the motion to amend or clarify previous judgment (DN 71) is **DENIED**.

Date:

cc:   Defendant, *pro se*
        U.S. Attorney
4413.005

---

[4]*Nunc pro tunc* literally means "now for then." BLACK'S LAW DICTIONARY (9th ed. 2009). "When an order is signed nunc pro tunc as of a specified date, it means that a thing is now done which should have been done on the specified date." *Id.* (quoting 35A C.J.S. Federal Civil Procedure § 370, at 556 (1960)) (internal quotation marks omitted); *Patel v. Gonzales*, 432 F.3d 685, 693 (6th Cir. 2005) ("A *nunc pro tunc* order is an order that has retroactive legal effect.").